UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY N. HATTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-01417-TWP-MJD |
| ) | |
| STORMS, ) | |
| S. NELSON, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiff Timothy Hatton's ("Mr. Hatton") Request for Injunctive Relief (Dkt. 22). Mr. Hatton filed this lawsuit alleging various officials at New Castle Correctional Facility ("New Castle") violated his civil rights. The two Defendants, Lieutenant Storms and S. Nelson ("collectively "the Defendants") have appeared by counsel. (Dkt. 19). Mr. Hatton's amended complaint was filed on September 15, 2022 and will be screened pursuant to 28 U.S.C. § 1915A as soon as practicable. For now, Mr. Hatton's request for injunctive relief, which this Court construes as a motion for preliminary injunction, is **denied**.

**I. Mr. Hatton's Motion**

Mr. Hatton argues that he is not receiving his legal mail, that the Defendants are confiscating his legal mail and destroying it, and that he is being forced to have other offenders process legal work to the courts. He asserts he has had over forty pieces of legal mail disappear, which resulted in three of his state court appeals being dismissed. Mr. Hatton further attests that his motions and petitions are not being received timely, and Defendants are "blocking" his access

to the Courts.[1] In addition, the Defendants are regularly reading his legal mail, and the law library clerks are not processing prisoner's filings properly before sending them to the Courts. Dkt. 22 at 2 – 3. Mr. Hatton requests an injunction directing New Castle to implement E-filing for all prisoner filings. *Id.*

## II. Discussion

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). The plaintiff first must show that "(1) without this relief, it will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of prevailing on the merits of its claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id*.

"A movant's showing of likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020) (quotation marks omitted). A "better than negligible" likelihood of success is not enough. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762−63 (7th Cir. 2020). The precise likelihood of success required depends in part on the balance of harms: "the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020).

---

[1] Mr. Hatton's motion is signed under the penalty of perjury, dkt. 22 at 4, so the Court considers his motion as evidence in support of his request for a preliminary injunction. *Jones v. Van Lanen*, 27 F.4th 1280, 1285 – 86 (7th Cir. 2022) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1339 (4th ed. 2021) ("A verified pleading may be treated as an affidavit and used in the action in any way in which an affidavit would be suitable[.]").

Mr. Hatton asserts that the Defendants have continuously tampered with his legal mail causing him irreparable harm. For the purposes of this Order, the Court assumes that Mr. Hatton has shown a likelihood of success on the merits, irreparable harm, and that his legal remedies are inadequate.

The motion for a preliminary injunction, however, is **denied** because Mr. Hatton seeks a remedy to which he is not entitled. The relief he seeks is not sufficiently narrowly tailored. He requests an injunction directing New Castle to implement E-filing for all prisoner filings. This Court's E-filing program works well and has been adopted by most Indiana Department of Corrections facilities. *See* General Order *In re: Prisoner Electronic Filing Program* (available at https://www.insd.uscourts.gov/sites/insd/files/general-ordes/PrisonerE-FilingOrder-Signed.6.26.14_7.pdf). Yet it has not been adopted by New Castle, which is run by GEO Group.

The Prison Litigation Reform Act requires that injunctive relief be narrowly tailored. 18 U.S.C. § 3626(a)(2) ("Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm"). Directing New Castle Correctional Facility to implement E-Filing Services with both State and Federal Courts runs afoul of that principle. *Rasho v. Jeffreys*, 22 F.4th 703, 711 (7th Cir. 2022); *see also Scarver v. Litscher*, 434 F.3d 972, 976 (7th Cir. 2006) ("Federal judges must always be circumspect in imposing their ideas about civilized and effective prison administration on state prison officials. The Constitution does not speak with precision to the issue of prison conditions[.]")). This Court does not have the authority to order the State Courts to adopt a prisoner e-filing program with New Castle Correctional Facility. In addition, the underlying violation is based on the theory that Defendants are obstructing

3

Mr. Hatton's access to send and receive legal mail and court orders. The creation of an E-filing program is not narrowly tailored to remedy that concern.

### III. Conclusion

For those reasons, Mr. Hatton's motion for a preliminary injunction, dkt. [22], is **denied without prejudice**.

SO ORDERED.

Date: 12/20/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TIMOTHY N. HATTON
231193
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com