UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMOTHY N. HATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01417-TWP-MJD |
| | ) | |
| STORMS, | ) | |
| S. NELSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AMENDED COMPLAINT AND
DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court for screening of Plaintiff Timothy N. Hatton's ("Mr. Hatton") Amended Complaint. Dkt. 16. Mr. Hatton is a prisoner currently incarcerated at New Castle Correctional Facility in New Castle, Indiana ("New Castle"). He filed this civil rights action alleging various officials at New Castle violated his civil rights. Mr. Hatton filed an initial complaint on July 14, 2022. Dkt. 1. He then filed an Amended Complaint on September 15, 2022. Dkt. 16. The Amended Complaint is now the operative pleading. Because Mr. Hatton is a "prisoner," this Court has an obligation to screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir.

2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Hatton has sued thirteen defendants: Lt. Storms, Shayne Nelson, Heidi Davidson, Major Davis, IA Joseph, Christopher Smith, Jennifer French, Mark Sevier, Geo Group, Inc., Indiana Department of Corrections, Mr. Thompson, Ms. Blake, and Bryon Vandervort. The amended complaint makes the following allegations.

Mr. Hatton generally alleges that he is not receiving his legal and non-legal mail, that Defendants are confiscating his legal mail and destroying it, and that he is being forced to have other offenders process legal work to the courts. He also alleges Defendants placed in him segregation out of retaliation, and he has been the subject of a sexual harassment. More specific allegations are listed below.

1. <u>Lt. Storms.</u>

On at least four occasions, Lt. Storms opened and read Mr. Hatton's non-legal and legal mail. He also improperly copied Mr. Hatton's mail and destroyed the originals. As a result, Mr. Hatton lost over half of his legal mail from his attorneys.

2. Shayne Nelson

Shayne Nelson was the grievance specialist. She was aware that Lt. Storms was reading and destroying Mr. Hatton's mail, but she did nothing to address it. She also falsified information on Mr. Hatton's grievances to prevent him from completing the grievance process.

3. Heidi Davison

Heidi Davidson is the mailroom supervisor. She overcharged Mr. Hatton for postage for his legal mail, even though he was not receiving his legal mail. After Mr. Hatton's legal mail went missing and he was continuing to be overcharged, Mr. Hatton began filing grievances and gave Ms. Davidson a copy of the formal complaint in this case. Ms. Davidson then began retaliating against Mr. Hatton by giving him inconvenient mail-time passes and falsely saying he was not showing up for his library time.

4. Major Davis

Major Davis harassed Mr. Hatton at the mail room and interfered with his non-legal and legal mail and his religious publications.

5. IA Joseph

Mr. Hatton was placed in administrative segregation in July 2022 by IA Joseph. All of Mr. Hatton's personal property and legal documents were confiscated. IA Joseph used segregation as a means of retaliation and not for any legitimate purpose.

6. Christopher Smith

Also in July 2022, Christopher Smith placed Mr. Hatton in a "rec cage" without a bathroom. Mr. Hatton was held in the cage for seven hours. Mr. Hatton told Mr. Smith that he had to use the restroom, but Mr. Smith just laughed and left him in there, ultimately leading to Mr. Hatton urinating on himself.

Mr. Smith wrote Mr. Hatton up on a Class A disciplinary charge for bodily fluids. Mr. Smith then bragged to others at the facility and began retaliating against Mr. Hatton. Mr. Smith also sexually harassed Mr. Hatton, leading to Mr. Hatton filing a PREA complaint against Mr. Smith.

7. <u>Jennifer French; Mark Sevier; Bryon Vandervort</u>

Mr. Hatton wrote each of these individuals about all of his legal mail issues. He also wrote them about getting retaliated against and being sexually harassed by Mr. Smith. Mr. Hatton's complaints were ignored, and none of these defendants conducted any investigation into whether Mr. Hatton had suffered any harm. All of them exhibited deliberated indifference to Mr. Hatton's complaints.

8. <u>Geo Group, Inc.</u>

Mr. Hatton contends Geo Group, Inc. operates New Castle Correctional Facility. Mr. Hatton states that Geo Group has policies that amount to deliberate indifference and authorize such misconduct.

9. <u>Indiana Department of Correction</u>

Mr. Hatton wrote the Indiana Department of Correction, informing it of all this misconduct, retaliation, and harassment, yet no action was taken.

10. <u>Mr. Thompson</u>

Mr. Thompson was the disciplinary hearing officer who presided over Mr. Hatton's disciplinary hearing for bodily fluids. Mr. Thompson admitted that it was likely Mr. Hatton could not hold it for seven hours; however, Mr. Thompson still found Mr. Hatton guilty.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed, certain claims are misjoined, and certain claims shall proceed as submitted.

**A. Claims Dismissed**

First, Mr. Hatton's claims against the Indiana Department of Correction are dismissed because (1) the Eleventh Amendment bars his claims, *see de Lima Silva v. Dep't of Corrections*, 917 F.3d 546, 565 (7th Cir. 2019), and (2) the Department is not a "person" within the meaning of Section 1983. *Id.* at n. 15. *See also Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[T]he Eleventh Amendment, which precludes a citizen from suing a state for money damages in federal court without the state's consent, bars [plaintiff's] claims against the Indiana State Prison and the Indiana Department of Corrections, both state agencies."); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Mr. Hatton's claims against the Department are therefore **dismissed**.

Second, Mr. Hatton has failed to plausibly suggest Ms. Blake is liable for any constitutional violation. She is only mentioned in one paragraph. Dkt. 16 at 10 (explaining Ms. Blake was deliberately indifferent for ignoring his complaints, failing to investigate, and failing to effectively correct the misconduct occurring). There are no other allegations as to when or what Mr. Hatton told Ms. Blake. Without any additional details or context, Mr. Hatton's amended complaint falls short of plausibly alleging a claim against Ms. Blake. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("[L]egal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to [a] presumption of truth[.]"); *see also Johnson v. Rimmer*, 936 F.3d 695, 710 (7th Cir. 2019) ("In an action under § 1983, the plaintiff must establish individual liability . . . Thus, [the plaintiff] must be able to establish [the defendant's] personal involvement in the

alleged constitutional deprivation.") (cleaned up). Mr. Hatton's claims against Ms. Blake are therefore **dismissed**.

Third, Mr. Hatton has not plausibly alleged a denial of access to courts claim against any defendant because he has not identified a non-frivolous underlying claim that he was prevented from pursuing as a result of the destruction of his mail. *See Jones v. Van Lanen*, 27 F.4th 1280, 1287 (7th Cir. 2022) (explaining one of the elements of a denial of access to courts claim is the identification of a non-frivolous underlying claim). These claims are therefore **dismissed**

Finally, Mr. Hatton has failed to state a claim against Heidi Davidson for overcharging him for postage because he has an adequate state court remedy: the Indiana Tort Claims Act. *See* Ind. Code § 34-13-3-7; *Wynn*, 251 at 593 – 92 (holding district court properly dismissed prisoner's due process claims because Indiana Tort Claims Act was an adequate post-deprivation remedy); *Pannell v. Eads*, 856 F.App'x 628, 630 (7th Cir. 2021) ("[A]n allegation that prison officials stole an inmate's property by using unauthorized means to take it does not state a due-process violation if the state provides him with an adequate post-deprivation remedy.") (citations omitted). This claim is **dismissed**.

### B. Claims Against Improperly Joined Defendants

Joinder of defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Once Rule 20 is satisfied, "[a] party asserting a claim to relief as an original claim, . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a); *UWM Student Assoc. v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018)

(court must apply Rule 20 before Rule 18). In applying these rules, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances. *Mitchell v. Kalla*s, 895 F.3d 492, 502–03 (7th Cir. 2018) ("Out of concern about unwieldy litigation and attempts to circumvent the [Prison Litigation Reform Act's] PLRA's fee requirements, we have urged district courts and defendants to beware of 'scattershot' pleading strategies.").

Mr. Hatton's claims against defendants Lt. Storms, Shayne Nelson, Heidi Davidson, Major Davis, and IA Joseph, Mark Sevier, Jennifer French, Bryon Vandervort, and Geo Group, Inc. all allege tampering with his legal mail or retaliation for his complaints about the tampering. These claims arise from the same occurrence or series of occurrences, and the claims involve common questions of law or fact. **These claims shall all proceed in this action**.

Mr. Hatton's claims against defendants Christopher Smith and Mr. Thompson are based on allegations that he was held for too long in a cage without a restroom, sexually harassed, and found guilty of use of bodily fluids—all unrelated to his mail-tampering claims. These serious claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims against defendants Lt. Storms, Shayne Nelson, Heidi Davidson, Major Davis, and IA Joseph, Mark Sevier, Jennifer French, Bryon Vandervort, and Geo Group, Inc., and it does not seem likely that any questions of law or fact common to both groups of defendants will arise in this action. Accordingly, the claims against defendants Christopher Smith and Mr. Thompson will be severed or dismissed without prejudice in this action. *See* Fed. R. Civ. P. 21 (authorizing severance).

Whether these claims are severed or dismissed without prejudice is a choice for Mr. Hatton. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) ("[E]ven *pro se* litigants are masters of their own complaints[.]"). If the claims are severed and a new action is opened,

Mr. Hatton will be responsible for paying the filing fee associated with the new case or moving to proceed *in forma pauperis*. In addition, the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for the new case.

Mr. Hatton shall have **January 20, 2023**, to **notify the Court** whether he wishes the Court to sever any claims raised in the amended complaint into a new action or dismiss them without prejudice. If Mr. Hatton fails to respond by the January 20, 2023 deadline, these claims will be dismissed without prejudice.

### C. Claims Proceeding

The claims which shall proceed are the following. First, Mr. Hatton has plausibly stated First Amendment claims for interfering with his non-legal mail against Lt. Storms, Shayne Nelson, Heidi Davidson, Major Davis, and IA Joseph. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) ("Prison regulations or practices affecting a prisoner's receipt of non-legal mail also implicate First Amendment rights and must be reasonably related to legitimate penological interests."). He has also stated claims against Mark Sevier, Jennifer French, and Bryon Vandervort, who he alleges were in charge and had operational responsibilities to prevent the harm from occurring. *See Vance v. Rumsfeld*, 701 F.3d 193, 204 (7th Cir. 2012) (supervisors may be liable when they know of risks with sufficient specificity to allow an inference that inaction is designed to produce or allow harm). These claims shall **proceed**.

Second Mr. Hatton has plausibly stated First Amendment claims for interfering with his legal mail against Lt. Storms, Shayne Nelson, Heidi Davidson, Major Davis, and IA Joseph. *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 – 32 (7th Cir. 1996) (prisoner's allegations that legal mail was opened, delayed for an inordinate period of time, and sometimes stolen stated a First Amendment claim); *Castillo v. Cook Cnty. Mail Room Dep't*, 990 F.2d 304 (7th Cir. 1993)

(ongoing interference with legal mail sufficient to state a first amendment claim). He has also stated a claim against Mark Sevier, Jennifer French, and Bryon Vandervort for similar reasons just discussed. *See Vance*, 701 F.3d at 204. The claims shall **proceed**.

Third, Mr. Hatton has stated a First Amendment *Monell* claim against Geo Group, Inc., based on allegations that the tampering and destruction of his legal and non-legal mail were a result of Geo's customs and policies. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021) (a private corporation that contracts with a prison may be liable for constitutional violations under § 1983 if a policy or custom causes the harm). This claim shall **proceed**.

Finally, Mr. Hatton has stated retaliation claims against Ms. Davidson and IA Joseph for taking Mr. Hatton away from the legal mail area, confiscating his belongings, and placing him into segregation for no reason. *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020) (explaining that to prevail on a First Amendment retaliation claim, a prisoner must show (1) he engaged in protected First Amendment activity; (2) an adverse action was taken against him; and (3) his protected conduct was at least a motivating factor of the adverse action). These claims shall **proceed**.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through January 20, 2023,** in which to identify those claims. Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

The **clerk is directed** to add "Heidi Davidson, Major Davis, IA Joseph, Jennifer French, Mark Sevier, Bryon Vandervort, and Geo Group, Inc." as defendants on the docket.

## IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Lt. Storms, S. Nelson, Heidi Davidson, Major Davis, IA Joseph, Jennifer French, Mark Sevier, Bryon Vandervort, and Geo Group, Inc., in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on September 15, 2022, dkt [16], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 12/22/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Lt. Storms
New Castle Correctional Facility
1000 Van Nuys Rd.
New Castle, IN 47362

S. Nelson
New Castle Correctional Facility
1000 Van Nuys Rd.
New Castle, IN 47362

Heidi Davidson
New Castle Correctional Facility
1000 Van Nuys Rd.
New Castle, IN 47362

Major Davis
New Castle Correctional Facility
1000 Van Nuys Rd.
New Castle, IN 47362

IA Joseph
New Castle Correctional Facility
1000 Van Nuys Rd.
New Castle, IN 47362

Jennifer French
New Castle Correctional Facility
1000 Van Nuys Rd.
New Castle, IN 47362

Mark Sevier
New Castle Correctional Facility
1000 Van Nuys Rd.
New Castle, IN 47362

Geo Group, Inc.
New Castle Correctional Facility
1000 Van Nuys Rd.
New Castle, IN 47362

Bryon Vandervort
New Castle Correctional Facility
1000 Van Nuys Rd.
New Castle, IN 47362

TIMOTHY N. HATTON
231193
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com